IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV842 |
| | ) | |
| JASON THOMAS, | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

3. Plaintiff's claims are not clear. Plaintiff appears to be alleging that Defendant Deputy Sheriff Jason Thomas investigated Plaintiff for failing to register as a sex offender but failed to inform Plaintiff that he was eligible to petition for early termination of his duty to register. Plaintiff also appears to allege that Defendant failed to properly inform him of other rights or requirements of the sex offender registry. As noted in an earlier action, No. 1:18CV551, it does not appear that Plaintiff was eligible for early termination under the statutory provisions he cites.[1] Moreover, Plaintiff does not point

---

[1] In support of his claims, Plaintiff cites to 42 U.S.C. §§ 16911(2)-(4) and 16915. Those statutes were recodified as 34 U.S.C. §§ 20911 and 20915, respectively. The first statute cited, § 20911(2)-(4), defines tier I, II, and III sex offenders. The second statute states that tier I offenders must comply with registration

to any federal statutory or constitutional duty on Defendant to inform Plaintiff of these provisions beyond the information contained in the Notices attached to the Complaint as Exhibit A. Thus, the basis of Plaintiff's claims is not clear.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 31st day of October, 2018.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge

---

requirements for 15 years, tier II offenders for 25 years, and tier III offenders for life. However, under § 20915(b), the term for a tier I offender can be reduced to 10 years if a clean record is maintained for 10 years. It appears from the Complaint that Plaintiff believes that he is a tier I offender entitled to a reduction. However, even if those statutory provisions applied to Plaintiff, he claims to have kept a clean record for only 5 years, not the required 10 years, and the reduced term would have been to 10 years, not 5 years.